## JAMES E. GOODMAN v. LEHIGH VALLEY RAILROAD COMPANY.

Submitted March 23, 1907—Decided December 4, 1907.

The liability of a railroad company for fire communicated from one of its engines is not absolute, but depends upon whether or not the company has conformed to the statutory requirement with relation to the equipment of such engine with a proper device to arrest the escape of sparks and the maintenance of that device in good order.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justice REED.

For the plaintiff, *Clark McK. Whittemore.*

For the defendant, *Nicholas C. J. English* and *Nelson Y. Dungan.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff by this suit seeks to recover damages to property owned by him, resulting from three separate fires, caused, as he alleges, by the escape of sparks from locomotives of the defendant company. The first fire occurred on April 1st, 1905, and destroyed a large quantity of manure. The second fire occurred on July 19th of the same year, and burned up the plaintiff's dwelling-house, barns and a large amount of personal property. The third fire occurred about four days later, and destroyed a growing crop of clover. The defendant company had no knowledge of the first and third fires, and on this account was unable to put in any proofs to meet the plaintiff's claim of its liability on account of them.

The evidence submitted on behalf of the plaintiff in support of his claim that the first and third fires were started by escaping sparks from locomotives of the defendant, although

not at all conclusive of that fact, was nevertheless sufficient to support the verdict of the jury which so declared, and if the plaintiff's claim had been rested upon the damages resulting from these two fires only, we should conclude that the rule to show cause must be discharged. The verdict, however, includes damages sustained by the plaintiff by reason of the second fire, which occurred on July 19th, and a great proportion of the loss sustained by him resulted from that fire. The proofs in the case made it clear that this second fire occurred shortly before four o'clock in the afternoon. It started in a mass of hay stored in the plaintiff's barn. If the fire was communicated as plaintiff claims, namely, by a spark escaping from an engine of the defendant company, it must have been either from the engine of a freight train which passed the plaintiff's property about quarter past three or the engine of a passenger train which passed about a quarter before four. The undisputed testimony shows that each of these engines was equipped with a spark arrester of approved pattern and of a kind in general use; that these spark arresters were properly installed in these engines when first placed there; that they were properly inspected shortly before and again shortly after this fire, and that upon each of these inspections they were ascertained to be in sound condition. The liability of a railroad company for fire communicated from one of its engines is not absolute, but depends upon whether or not they have conformed to the statutory requirement with relation to the equipment of such engine with a proper device to arrest the escape of sparks, and the maintenance of that device in good order. *Hoff* v. *West Jersey Railroad Co.,* 16 *Vroom* 201; *West Jersey Railroad Co.* v. *Abbott,* 31 *Id.* 150; *Vallaster* v. *Atlantic City Railroad Co.,* 43 *Id.* 334. The verdict of the jury, therefore, so far as it imposed responsibility upon the defendant company for this second fire, was contrary, not only to the weight, but to the totality of the evidence.

For this reason the rule to show cause must be made absolute.